# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **TRL SPE2, LLC** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **CIVIL ACTION NO. 3:23-cv-218** |
| **v.** | § | |
| | § | |
| **LITTLETON GROUP EASTERN** | § | |
| **DIVISION, INC. and GREAT LAKES** | § | |
| **INSURANCE SE** | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| **DAVID BECERRA INS. AGENCY and** | § | |
| **MITCH SHAVER, AN INDIVIDUAL** | § | |
| | § | |
| *In Rem Only* | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

TRL SPE 2, LLC ("TRL" or "Plaintiff") in the above-styled and numbered cause, files its First Amended Petition complaining of Defendants, Littleton Group Eastern Division Inc ("Littleton") and Great Lakes Insurance Se ("Great Lakes") (collectively "Defendants"), and in support thereof would show the Court as follows:

### A. PARTIES

1. Plaintiff is a limited liability company, that is organized under the laws of the State of Texas. It may be contacted through its counsel of record Law Offices of Christopher Welsh, PLLC, located at 4925 Greenville Ave., Suite 200, Dallas, TX 75206.

2. Defendant, Littleton Group Eastern Division, Inc, is a for-profit company organized under the laws of the State of Texas. It may be served through its registered agent, Daniel R

1

Richards, located at Richards Rodriguez & Skeith LLLP and 816 Congress Ave Suite 1200, Austin, TX 78701.

3. Defendant, Great Lakes Insurance SE, is a for-profit company conducting systematic and continuous business activities in the State of Texas without being registered to do so. It is not registered with to Texas Department of Insurance. They do not maintain a registered agent nor physical address that can be found after diligent search by Plaintiff. Its mailing address is 555 College Road East, PO Box 5241, Princeton, NJ, 08543. It may be served through the Texas Secretary of State at Service of Process, Secretary of State, James E. Rudder Building, 119 Brazos, Room 105, Austin, Texas 78701.

4. Defendant Mitch Shaver is an individual who is named *In Rem* only. Defendant the David Becerra Ins. Agency is named *In Rem* only. They were the insurance agent and agent's company involved, who committed several violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code and will have cause of action pled against him. However, pursuant to Tex. Ins. Code §542A.006(a), Defendant Great Lakes has assumed all liability of Mr. Shaver and the David Becerra Ins. Agency. Mr. Shaver does not need to be served. The David Becerra Ins. Agency does not need to be served. The *In Rem* defendants will be collectively known as "The Insurance Agents."

## B. JURISDICTION

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(3) because the suit is between citizens of different U.S. states, a citizen of the State of Texas and a subject of a foreign state, and the amount in controversy exceeds $75,000, excluding interest and costs. Jurisdiction is proper in this Court as this suit involves real property located in

Duncanville, Dallas County, Texas. Jurisdiction is proper in this court as this matter was removed from State Court and not remanded.

## C. VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Specially, the suit involves real property located in Duncanville, Dallas County, Texas.

## D. CONDITION PRECEDENT

7. All conditions precedent have been performed or have occurred prior to filing suit.

## E. FACTS

8. Plaintiff is a Company which owns and finances mortgages. It's agent, AHP Servicing, is its licensed mortgage servicer. TRL/AHP has a written contract for insurance with Defendants known as Policy Number GP20310775191, (the "Policy"). When purchasing the policy, Plaintiff specifically told the Insurance Agents its biggest concern was vandalism or fire if a homeowner vacated the property unannounced or after a foreclosure and to make sure coverage existed post-foreclosure/abandonment until a property could be sold. The Insurance Agents assured Plaintiff that the policy covered such incidents.

9. On August 3, 2021, Plaintiff foreclosed upon the Property. After recording the foreclosure deed, on August 19, 2021, Plaintiff sent the previous homeowner, Mr. Garcia, a demand to vacate letter. On or about September 2, 2021, TRL went to inspect the property, see if it had been vacated, and learned the property at issue was both vacant and had been vandalized. Presumably Mr. Garcia vacated the property between receipt of the letter and September 2, 201, though it is impossible to know the exact date he left.

10. After discovering the vandalism, Plaintiffs filed a police report and immediately called the Defendants and filed an insurance claim, informing them of the condition of the property. At this point, the insurance fraud and Deceptive Trade Practices violations began. When following up a couple of weeks later, Defendants denied receiving the claim which was made via phone and requested a written claim. On or about October 1, 2021, Plaintiff, through its agent AHP, filed a written claim. Evidently, at some point in October, Defendants inspected the property. In order to protect its property, as required by the Policy, TRL began repairs on the Property, which were completed by January 27, 2022. During the time of repairs, TRL kept pursuing its insurance claim with little to no response from Defendants for over two months.

11. On December 16, 2021, Defendants (through their Insurance Agents) for the second time denied the claim, asserting TRL and/or AHP, were not a party to the insurance policy. This is despite the fact that the Insurance Agents were the ones who sold the policy. Plaintiff provided a copy of the policy, a copy of the endorsement, and the emails with the Insurance Agents, obtaining the policy. Defendants then admitted that the policy existed. This first denial letter was also Defendants first attempt at changing material facts by rewriting history, asserting "The damages were reported to have occurred on September 8, 2021." This is a falsification of a material fact meant to avoid coverage (as will be seen in a later denial) and was made despite having the police report demonstrating the incident occurred on or before September 2, 2021.

12. From admitting the Policy was real in December until March 8, 2022, the Defendants and Insurance Agents ignored Plaintiff. On March 8, 2022, (*over six months after the initial claim*), Defendants corrected their mistake stating that Plaintiff was insured under Mr.

Garcia's policy but again wrongfully denied Plaintiff's claim, nevertheless. Defendants' denial (sent in the form of a reservation of rights letter) stated that Defendants will not pay Plaintiff's claim because (a) Defendants did not receive prompt notice of the claim and (b) that no police report was filed. This letter also altered changed a material fact, the date of the vandalism incident, again – this time until September 30, 2022. Plaintiff immediately pointed out Defendant's misrepresentation of facts, gave the dates Defendants were notified of the claim, and provided proof that the police report had been sent at least twice prior to the March 8, 2022 letter. (In other words, the insurer fabricated reasons for the denial that it knew was factually incorrect).

13. For the next two months Defendants again ignored Plaintiff. On or about May 11, 2022, Defendants contacted Plaintiff asking when Defendants had learned the property was vacant. Defendants were informed that TRL learned of the vacancy on or about September 2, 2021 – the same date the claim was filed and a date a call was placed to the insurer. A written report was filed with the insurer on or about October 1, 2022, at the request of the Defendants.

14. The Defendants then ignored Plaintiff for the next month. On or about June 7, 2022 (the third wrongful denial), Defendants again wrongfully denied the claim quoting a policy provision that stated "all coverage is suspended under this policy effective thirty (30) days after the property becomes vacant. This letter asserted the loss occurred on October 1, 2021 (the third attempt to change the date of the incident). The incident occurred on or before September 2, 2021 – a fact repeatedly demonstrated to Defendants. Yet Defendants continually issued fraudulent denials, changing the date of the incident, to serve as a basis for their wrongful denials. In other words, Defendants intentionally fabricated the date the

5

incident occurred to give it justification for a denial, despite having actual knowledge the date of loss occurred prior to their reported date. At this point, Defendants have a pattern of falsifying facts to wrongfully deny claims.

15. After being confronted with the above misrepresentations, Defendants finally accepted liability of the claim but provided an absurdly unreasonable and low estimate for the repairs.

16. Prior to issuing the estimate, Defendants were given the <u>actual costs to repair</u> the property in the amount of $36,250.00. This repair was performed by a third-party source and paid by Plaintiff immediately— to prevent further damage to the property and despite Defendants' wrongful denial.

17. Despite knowing the actual cost Plaintiff already paid to repair the property, Defendants provided their "estimate" to repair the property. This "estimate" stated that it should only cost $4,862.57 for Plaintiff to repair the property. Defendants' estimate is **twelve percent (12%)** of the actual expenses incurred by Plaintiff. It is now over **one year** <u>into the claim.</u>

18. Plaintiff notified Defendants of the major issues contained in Defendant's "estimate" which include, but are not limited to:

    A. Plaintiff incurred $3,500 in cost for a trash bin and to be hauled away during the repairs. Defendants suggested one guy could have used a pickup one day and taken the trash for virtually no cost;

    B. Plaintiff incurred $12,648 to repaint all damaged areas (charges in line with bids from other local contractors). Defendants' estimate, for repainting the hallway (two coats), the living room (two coats), the living room door, the laundry room (two coats), the hallway (two coats), and all damaged baseboards barely totaled $1,000. This alone is

evidence of bad faith as paint and supplies cannot be bought for the amount stated by Defendants, much less paying labor;

C. Plaintiff incurred $7,975 in costs to repair vandalized woodwork/carpentry. Defendants refused to include this in their "estimate" asserting holes knocked in the cabinets could not be traced to vandalism;

D. Plaintiff incurred $1,150 to replace the vandalized and/or stolen appliances – which Defendants refused to include in their "estimate"; and

E. Plaintiff incurred $1,050 to repair the broken doors – while the Defendants "estimate" provided $342.64 – well below market rate for replacing a door, mounting, and installing it. Even a basic standard six panel 30x80in door costs about $500 in the current market – before labor and fixtures on it and there was more than one broken door.

19. On or about September 20, 2022, Plaintiff sent its DTPA demand letter to Defendants. Defendants responded with further factual fabrications meant to bolster their wrongful denials. For instance, Defendants asserted that Plaintiffs owned or controlled the entity that performed the repairs – a flat fabrication. Incredulously, in this correspondence Defendants again, over a year later, refused to fully accept liability under the policy – despite having already previously assumed liability.

20. Defendants' further denial, factual fabrications, and refusal to pay on a valid claim is the very definition of bad faith and as such Plaintiff now brings the following causes of actions against Defendants.

### F. COUNT 1—BREACH OF CONTRACT

21. Plaintiff hereby brings a cause of action for breach of contract against Defendants. Plaintiff and Defendants have a validly executed and enforceable contract to insure the property located at 711 Sun Valley Dr., Duncanville, TX 75116. Plaintiff performed all of its obligations under the contract including but not limited to providing the Defendants with a police report and timely notice of its claim. Defendants breached their agreement by (a) failing to pay on a valid claim (b) failing to pay and resolve the claim timely, and (c) generally failing to perform Defendants'' contractual obligations.

22. The Plaintiff seeks actual damages as the result of Defendants for breach of contract.

### G. COUNT 2—BAD FAITH

23. Plaintiff hereby brings a claim against Defendants for bad faith. There exists a contract for insurance between Plaintiff and Defendants, under which Plaintiff timely filed its claim. Defendants breached this contract and its duty of good faith and fair dealing by (i) failing to investigate Plaintiff's claim(ii) providing an unreasonable estimate as necessary repairs (iii) unreasonably delaying the claim and (iv) denying liability when reasonably clear.

24. As such Plaintiff seeks actual and exemplary damages for Defendants' bath faith.

### H. COUNT 3—LATE PAYMENT OF CLAIMS

25. Plaintiff hereby brings a cause of action against Defendants for late payment of claims. Defendants failed to (a) timely acknowledge, investigate, or request information about the claim, (b) accept, reject, or extend the time of the claim, or (c) pay the claim.

26. As such, Plaintiff seeks actual and exemplary damages for Defendants Bad Faith.

### I. COUNT 4—DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

27. Plaintiff hereby brings a cause of action against Defendants for violations of the Deceptive Trade Practices Act (the "DTPA"). Plaintiff is a consumer, having sought and purchased insurance from Defendants. Defendants can be sued under the DTPA as Defendants committed one or more of the following wrongful actions—false misleading and deceptive acts or practices that is specially enumerated in the laundry list found in Texas Business and Commerce Code Section 17.46 (b), breach of an express or implied warranty, any unconscionable action or course of action, the use or employment of an act or practice in violation of Texas Insurance Code Chapter 541, and the use or a violation of one of the "tie-in" consumer statutes, as authorized by Texas Business and Commerce Code Section 17.50 (h). Defendants' actions are the producing cause of Plaintiff's damages. Defendants' actions are specially addresses as follows:

### i. Laundry List Violations

28. Defendants and/or *In Rem* Defendants violated §17.46(b)(2) by causing confusion about the source, sponsorship, approval, or certification of goods or services.

29. Defendants and/or *In Rem* Defendants violated §17.46(b)(4) by using deceptive representations or designations of geographic origin in connection with goods or services.

30. Defendants and/or *In Rem* Defendants violated §17.46(b)(5) by representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities they do not have.

31. Defendants and/or *In Rem* Defendants violated §17.46(b)(7) by representing those goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are not.

32. Defendants and/or *In Rem* Defendants violated §17.46(b)(12) by representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law.

33. Plaintiff relied on Defendants' and *In Rem* Defendants false, misleading, and/or deceptive acts and practices to her detriment.

### ii. Violations of Chapter 541 (pled under the DTPA and as independent causes)

34. Plaintiff brings a claim against Defendants under Chapter 541 and through the Texas DTPA tie in statute. As the pleading of such claims is identical, both are intended to be pled by Plaintiff.

35. Plaintiff is a person as defined by the Texas Insurance Code. Defendants are an insurance company and *In Rem* Defendants are insurance agents.

36. Defendants violated Texas Insurance Code Texas Insurance Code §541.061(1) by making numerous material untrue statements of fact.

37. Defendants violated Texas Insurance Code Texas Insurance Code §541.061(2) by leaving out material facts so other statements are misleading.

38. Defendants violated Texas Insurance Code Texas Insurance Code §541.061(3) by making statements in a way that would lead a reasonably prudent person to a false conclusion about a material fact.

39. Defendants violated Texas Insurance Code Texas Insurance Code §541.061(4) by making a material misrepresentation of law.

40. Defendants violated Texas Insurance Code Texas Insurance Code §541.060(a)(1) by mispresenting to a claimant a material fact or policy provision relating to the coverage at issue.

41. Defendants violated Texas Insurance Code Texas Insurance Code §541.060(a)(2)(A) by not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once its liability became clear. It violated Texas Insurance Code §541.060(a)(3) by failing to promptly give Plaintiff a reasonable explanation for its denial of a claim.

42. Defendants violated Texas Insurance Code §541(a)(7) by failing to pay a claim without conducting a reasonable investigation.

43. Defendants violated Texas Insurance Code Texas Insurance Code §541.060(a)(3) by not promptly giving a policy holder a reasonable explanation, based on the policy, for the insurer's denial of a claim.

44. Defendants violated Texas Insurance Code Texas Insurance Code §541.060(a)(4)(A) by not affirming or denying coverage of a claim within a reasonable time.

### iii. Unconscionable Acts

45. Plaintiff hereby brings a cause of action under §17.50(a)(3) against Defendants and *In Rem* Defendants for their unconscionable actions and course of action.

### J. COUNT 5 – VIOLATIONS OF TEXAS INSURANCE CODE §541.060-.061

46. In addition to being violations of the DTPA, independent causes of action exist under Texas Insurance Code §541.060. Plaintiff hereby brings complaint that Defendants violated the following sections:

    a. 541.060(1) – misrepresenting to a claimant a material fact or policy provision;

    b. 541.060(2) – failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement;

c. 541.060(3) – failing to promptly provide a policy holder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim;

d. 541.060(4) – failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights letter;

e. 541.606(5) – refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible;

f. 541.060(7) – refusing to pay a claim without conducting a reasonable investigation;

g. 541.061(1) – Defendants made an untrue statement of material fact;

h. 541.061(3) – Defendants made a statement in a manner that would mislead a reasonably prudent purpose to a false conclusion of a material fact; and

i. 541.061(4) – Defendants made a material misstatement of law.

47. Pursuant to the Texas Insurance Code, Plaintiff seeks actual and exemplary damages not to exceed three times the amount of actual damages.

## K. DAMAGES

48. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages:

   a. Actual damages

   b. Property damage

   c. Lost earnings

   d. Lost profits.

49. Plaintiff is entitled to an award of attorney fees and costs under As a result of the Defendants' wrongful actions, Plaintiff has been forced to employ the services and pay attorney's fees to the undersigned attorneys. Plaintiff hereby sues for reimbursement of her reasonable and necessary attorney's fees and expenses it incurs.

## L. PRE- AND POST-JUDGMENT INTEREST

50. Plaintiff hereby makes a claim for pre- and post-judgment interest at the statutory rate of eight-point five percent (8.5%).

## M. ATTORNEY'S FEES AND COSTS

51. Plaintiff hereby requests an award for its reasonable and necessary attorney's fees and costs.

## PRAYER

**WHEREFORE,** premises considered, Plaintiff, respectfully requests that Defendants be cited to appear and answer, and that upon notice and final hearing, the Court enter judgment against Defendants in favor of Plaintiff, for:

a. Actual damages in the amount of $38,500.00 (the $39,750.00 claim less the $1,250.00 deductible);

b. Treble DTPA damages in the amount of $115,500.00

c. Exemplary damages in amount to be determined by the trier of fact;

d. Pre- and Post-judgment interest and/or service charges as provided by law;

e. Reasonable and necessary attorney's fees and expenses;

f. Costs of Court; and

g. All other relief that the to which it may be justly entitled, whether in law or in equity.

Respectfully Submitted,

**LAW OFFICES OF CHRISTOPHER WELSH, PLLC**

By:   /s/Christopher Welsh  
      Christopher B. Welsh
      State Bar No. 24049538
      4925 Greenville Ave.
      Suite 200
      Dallas, Texas 75206
      (214) 800-5164
      (214) 884-5165 – fax
      cwelsh@welshtx.com
      *Attorney for Plaintiff,*
      *Texas Residential Lending*

## **CERTIFICATE OF SERVICE**

       On October 18th, 2023, I electrically submitted this First Amended Petition regarding the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record, as follows, electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2):

Jake Kauffman
jkauffman@gallowaylawfirm.com
Galloway, Johnson, Tompkins
Burr & Smith
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
*Attorneys for Defendants,*
*Great Lakes Insurance SE and*
*Littleton Group Eastern Division, Inc.*

                                                                                   /s/ Christopher Welsh
                                                                                  Christopher B. Welsh